UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHALENE SMITH, as Guardian for
Matthew Joseph Smith, an
incapacitated person

      Plaintiff,

v.   Case No. 8:23-cv-01974-KKM-NHA

NEUROINTERNATIONAL
HEALTHCARE, LLC,

      Defendant.
_____/

## ORDER

I grant Plaintiff's unopposed motion to compel Taylor Mitchell's presence at his June 5, 2024 deposition (Doc. 62). In addition, I order Mr. Mitchell and counsel for all parties to appear before the Court at 9:30 a.m. on June 7, 2024, should Mr. Mitchell fail to appear for his deposition.

### I. Background

Plaintiff alleges that her disabled son experienced abuse and neglect at his assisted living center, which is owned and operated by Defendant Neurointernational Healthcare, LLC. *See* Am. Compl. (Doc. 1-2) ¶¶ 37–54. Plaintiff initially brought claims to enforce her son's rights pursuant to Florida Statutes section 429.29 against Defendant; the Center for Comprehensive Services, Inc.; and National Mentor Holdings, Inc., *id.* ¶¶ 55–93, and claims

for false imprisonment and civil battery against Mr. Mitchell, a caregiver at the facility. *Id.* ¶¶ 95–103. In December 2023, Plaintiff filed a Second Amended Complaint (Doc. 39) and voluntarily dismissed her claims against the Center for Comprehensive Services, Inc., National Mentor Holdings, Inc., and Mr. Mitchell (Doc. 38). However, Plaintiff conditioned her dismissal of claims against Mr. Mitchell on Mr. Mitchell's agreement to retain his counsel through the conclusion of his deposition. Doc. 59-1. And, Mr. Mitchell, through his counsel, agreed. *Id.* Mr. Mitchell's counsel agreed to remain on the case and ensure Mr. Mitchell's appearance at his deposition. *Id.*

Now, Plaintiff seeks to depose Mr. Mitchell. In January 2024, Plaintiff proposed deposition dates in late January and early February. Doc. 59-2. Mr. Mitchell and his counsel were not available on the proposed dates, so Plaintiff's counsel proposed February 19, 2024. *Id.*; Doc. 59-3. When Mr. Mitchell's counsel did not receive a response from Mr. Mitchell as to his availability, she suggested that Plaintiff's counsel subpoena Mr. Mitchell to ensure his presence. Doc. 59-3. Plaintiff's counsel served the subpoena by leaving it with Mr. Mitchell's roommate. Doc. 59-4. It appears Mr. Mitchell received the subpoena, as he subsequently informed his counsel that he was unavailable on February 19, 2024. Doc. 59-5. Plaintiff's counsel agreed to reschedule the deposition. *Id.* Thereafter, Mr. Mitchell's counsel lost contact with Mr. Mitchell. Doc. 59-6.

2

On March 15, 2024, Plaintiff served on Mr. Mitchell another subpoena setting his deposition for April 3, 2024. Doc. 59-7. But, Mr. Mitchell never acknowledged the notice or responded to his counsel's repeated e-mails, texts, and phone calls, to confirm attendance. Doc. 62-1. Fearing he would not appear and they would nonetheless be charged court reporter expenses, Plaintiff's counsel cancelled the April 3, 2024 deposition. Doc. 62 at p. 5.

Plaintiff's counsel has now scheduled Mr. Mitchell's deposition for June 5, 2024. Plaintiff moves to compel Mr. Mitchell's attendance (Doc. 62).

## II.   Discussion

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any ... claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The typical mechanism to obtain testimony from a nonparty is a subpoena. *See* FED. R. CIV. P. 30; FED. R. CIV. P. 45. A subpoena must be served by "delivering a copy to the named person." FED. R. CIV. P. 45(b)(1). If the person served with the subpoena "fails without adequate excuse to obey" it, the district court may hold the person in contempt. FED. R. CIV. P. 45(g).

Given the many unsuccessful attempts to secure Mr. Mitchell's appearance and his apparent lack of cooperation with the same, and in light of the upcoming discovery deadline (*see* Doc. 60), the Court grants Plaintiff's motion to compel Mr. Mitchell's attendance at the June 5, 2024 deposition.

3

### III.   Conclusion

It is ORDERED that:

1.   On June 5, 2024, Mr. Mitchell shall appear at his scheduled deposition in accordance with his subpoena.[1]

2.   No later than 12:00 p.m. on June 6, 2024, Plaintiff's Counsel shall file a notice with the Court indicating whether Mr. Mitchell complied with this Order by appearing at the deposition.

3.   This matter is set for a show cause hearing at 9:30 a.m. on June 7, 2024, in Courtroom 11A of the Sam M. Gibbons Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. Should Mr. Mitchell fail to appear at the deposition, he must appear before this Court on that date to show cause why he did not appear at the deposition.

4.   If Mr. Mitchell does not appear at the deposition, his failure to appear at the show cause hearing pursuant to this Order may result in a finding of contempt and a recommendation that the Court impose sanctions, potentially including confinement or that he pay a daily fine until he appears for deposition.

---

[1] Plaintiff did not attach a copy of the subpoena to her motion, so the Court cannot direct the time or place of the subpoena.

5. If Mr. Mitchell complies with this order and does appear at the deposition, he and all parties in this matter are excused from attendance at the June 7, 2024 show cause hearing.

6. Plaintiff shall serve a copy of this order personally on Mr. Mitchell and shall file notice of such service with the Court.

7. Plaintiff shall also transmit a copy of this order to Mr. Mitchell's counsel, who shall transmit it to Mr. Mitchell.

ORDERED on April 15, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
United States Magistrate Judge