UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELENE SMITH, as Guardian
for MATTHEW JOSEPH SMITH,           CASE NO.: 8:23-CV-01974
an incapacitated person,

    Plaintiff,

vs.

NEUROINTERNATIONAL
HEALTHCARE, LLC d/b/a
NEURORESTORATIVE
FLORIDA, a limited liability
company, CENTER FOR
COMPREHENSIVE SERVICES,
INC., d/b/a SEVITA, a
corporation, NATIONAL
MENTOR HOLDINGS, INC, a
corporation, and TAYLOR
MITCHELL, an individual,

    Defendants.
_____/

## **DEFENDANT'S MOTION TO MAINTAIN SEAL ON PREVIOUSLY SEALED DOCUMENTS**

COMES NOW, Defendant, Neurointernational Healthcare, LLC, by and through their undersigned counsel and pursuant to Local Rule 1.11(e), United States District Court, Middle District of Florida, hereby respectfully moves this Court to enter an Order maintaining the seal on certain documents previously filed under seal, and as grounds thereof states as follows:

1. On November 29, 2023, this Court entered an Order (Doc. 32) approving the parties' Stipulated Protective Order (Doc. 22), which governed the filing of Confidential Information and Protected Documents in this case. Specifically, Paragraph 13 indicates documents produced by the Defendant that are marked as "confidential" are only to be filed with the Court pursuant to a motion for leave to file under seal.

2. Pursuant to the parties' Stipulated Protective Order, and in accordance with Local Rule 1.11(b), a number of exhibits to motions filed in this matter have been filed under seal.

3. Indeed, on December 12, 2023, Plaintiff filed a Motion to Seal Exhibits "F" to "S" and Exhibit "W" of Proposed Second Amended Complaint (Doc. 37), as the exhibits qualified as trade secrets (exhibits F, G, H, I, J, and K) or contain sensitive personal information from the personnel files of former parties or non-parties (exhibits L, M, N, O, P, Q, R, S, and W). This Court agreed concluding that, "notwithstanding the general presumption of public access, filing and sealing these items is necessary and redaction would be insufficient." (Doc. 46).

4. On May 20, 2024, Plaintiff filed a Corrected Motion to Seal Exhibits 1, 2, and 3, to Plaintiff's Motion to Overrule Defendant's Objections to Plaintiff's Second Set of Interrogatories and Seventh Request to Produce (Doc. 75). The subject exhibits contain sensitive confidential information documenting alleged

abuse of Plaintiff in an incident report. The Motion sought to seal the subject exhibits to safeguard such confidential information and to protect the privacy interests of both the Defendant and its former employee. The Court granted Plaintiff's Motion, again finding there was a sufficiently compelling basis to seal the documents (Doc. 77).

5. On September 30, 2024, Plaintiff filed an Amended Unopposed Motion to Seal Exhibits 20 to 27 of Plaintiff's Motion to Overrule Defendant's Objections to Plaintiff's Request to Produce No. 29 (Doc. 117). The subject exhibits (20, 21, 22, 23, and 24) contain sensitive information in the form of incident reports documenting Plaintiff's falls, or contain sensitive personal information from the personnel files of non-parties (exhibits 25, 26, and 27). Consequently, this Court granted Plaintiff's Motion and directed the exhibits to be sealed (Doc. 118).

6. On October 24, 2024, Plaintiff filed an Unopposed Motion to Seal Exhibit 2 to Plaintiff's Motion in Limine (Doc. 130), because it contained sensitive confidential information documenting alleged abuse of Plaintiff in an incident report. Similar to its prior Orders, this Court found a compelling basis to seal the incident report was established (Doc. 131).

7. Lastly, on January 1, 2025, Plaintiff filed an Unopposed Motion to Seal Exhibits 1 and 2 to Plaintiff's Motion for Sanctions Against Defendant (Doc. 139). Such exhibits contain confidential sensitive information regarding alleged abuse

of the Plaintiff in the form of Quality Improvement Reports. This Court found sealing such documents was necessary and redaction of same would be insufficient (Doc. 141).

8. As explained, the aforementioned documents were sealed due to the inclusion of sensitive, confidential, and/or proprietary information.

9. However, pursuant to Local Rule 1.1(e), all seals are scheduled to expire 90 days following closure of this case, unless renewed or extended by further Order of this Court.

10. Good cause exists to maintain the seals beyond the expiration date. Public disclosure of the sealed materials would cause harm to the parties as well as non-parties, and the ongoing business interests of the Defendant. Moreover, as this Court previously found, the interest in confidentiality outweighs the public's right of access in this instance. *See Nolen v. Wyndham Vacation Resorts, Inc.*, 2021 WL 3036460, at *2 (M.D. Fla., 2021) ("Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view."). *See also McKenzie v. United States Tennis Association Incorporated*, 2023 WL 6626109, at *2 (M.D. Fla., 2023) ("Courts frequently recognize the privacy interest in protecting the identity of a sexual assault victim as an important and recognized basis to limit public access to judicial documents.").

11. Based upon the foregoing reasons, Defendant respectfully requests that this Court enter an Order: (1) maintaining the seal on the documents previously filed under seal (Doc. 37, 75, 117, 130, and 139); (2) directing the Clerk not to unseal or otherwise disclose the sealed materials; and (3) granting such further relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, the undersigned counsel certifies that she has conferred in good faith with counsel for Plaintiff, Timothy D. Kenison, Esq., by email correspondence dated 4/30/25, and he has no objection to the relief sought in the motion.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on 30th day of April 2025, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notice of Electronic filing.

/s/Nichole M. Koford
Nichole M. Koford, Esquire

## SERVICE LIST

**VIA EMAIL:** tkenison@goldlaw.com,
smithmatthew11220195@projects.filevine.com, cvasquez@goldlaw.com
Timothy D. Kenison, Esq.
1641 Worthington Road, Suite 300
West Palm Beach, FL 33409
Tel: (561) 697-4440